IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 08-cr-00340-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.


1.     BENJAMINE MAESTAS,
       a/k/a "Mover,"
       a/k/a "Benji,"
2.     LEONARD MARTINEZ,
       a/k/a "Leo,"
3.     ANTHONY SHIPPLEY,
       a/k/a "Buddy,"
4.     RUBEN BRAVO,
       a/k/a "Big R,"
5.     JOHN BERTOLUCCI,
       a/k/a "Johnny,"
6.     ERNEST SALAS,
7.     EDWARD MONTANO,
8.     CARY WEINMAN,
9.     ADRIAN SISNEROS,
10.    MICHAEL HEE,
       a/k/a "Hawaii Mike," and
11.    WAYNE ORDAKOWSKI,
       a/k/a "Lumpy,"

       Defendants.

---

## PROTECTIVE ORDER REGARDING
## JENCKS ACT MATERIAL AND RULE 16 MATERIAL

---

THE COURT has received and considered the **Government's Motion for Protective Order for Jencks Act And Rule 16 Material** [#77] filed October 28, 2008, concerning the use, custody, and circulation of Jencks Act material and Fed. R. Crim. P. 16 material disclosed in

relation to the above-captioned case as to the above-named defendants. *See* Title 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2) and 26.2; *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Ruiz*, 536 U.S. 622, 631-32; 122 S.Ct. 2450, 2456-57 (2002) (upholding the right of the Government to withhold confidential informant information in the context of plea bargaining before trial).

For good cause, the Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act, Title 28 U.S.C. § 1651.

The Court is familiar with the file in this case and has reviewed the motion. The Government has expressed concerns that the Jencks Act protected documents, such as witness statements and reports of statements of witnesses or persons assisting law enforcement, shall not be left in the exclusive custody of the defendants, citing concerns for witness safety that could stem from the unauthorized publication, duplication, or circulation of certain written documents. Similar concerns have been expressed about the use of photographs of persons cooperating with law enforcement, possibly to include some former co-conspirators who subsequently make themselves available as government witnesses, and the use of personal identifying information, including but not limited to NCIC/CCIC reports, Social Security numbers, addresses, and telephone numbers, that may be disclosed to the defense. In the context of pretrial discovery, the Court finds and concludes that the concerns expressed have merit. Accordingly, the Government's Motion shall be granted at this time.

Being now sufficiently advised in the premises, the Court finds and concludes it is in the best interests of justice to grant the Government's Motion for Protective Order.

**THEREFORE**, **IT IS ORDERED** as follows:

1. That the **Government's Motion for Protective Order for Jencks Act And Rule 16 Material** [#77] filed October 28, 2008, is granted;

2. That the Jencks Act material, to include witness statements and reports of witness statements or debriefings, and Fed. R. Crim. P. 16 material, to include photographs and any NCIC/CCIC reports, Social Security numbers, addresses, and telephone numbers furnished to the defense in this case shall be used for official purposes related to judicial proceedings in this case only;

3. That Jencks Act material such as reports of statements by witnesses, reports of witness statements or debriefings, and recordings or transcripts of witness statements or testimony, shall remain in the physical custody and control of the defense attorneys who have entered their appearance in this case and the confidential employees of such defense attorneys;

4. That such Jencks Act material shall not be left in the exclusive custody of the defendants;

5. That the defendants and other persons assisting the attorneys for the defendants may review the Jencks Act material, but such review must be accomplished without violating the rule that the Jencks Act material is to remain, at all times, under the custody and physical control of the attorneys, either personally or through the custody and control of confidential employees of the attorneys;

6. That the same custodial guidelines shall apply to the use of photographs of persons and NCIC/CCIC reports and other identifying information provided to the defense pursuant to Rule 16;

7. That unless the attorneys for the defense and the Government come to a specific

understanding to the contrary, the Jencks Act material and Rule 16 material disclosed to the defense, to include disclosure made through the use of electronic media, shall not be copied, reproduced, published, or publicly circulated by the defense without further order of Court or until its use in judicial proceedings at time of trial or in official hearings or proceedings related to this case;

8. That in the event the defense and the Government agree that certain documents should be exempted from the limits otherwise imposed by this Order, they may do so by mutual agreement; provided, furthermore, that in the event that the defense and the Government disagree or are unclear about the meaning or application of this Order with respect to some document or photograph, the parties may bring the issue to the attention of the Court; and

9. That at the conclusion of the case, the described Jencks Act material, NCIC/CCIC records, photographs, and other identifying information shall be returned to the Government.

Dated October 29, 2008, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
ROBERT E. BLACKBURN
UNITED STATES DISTRICT JUDGE
DISTRICT OF COLORADO