IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 08-CR-00340-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEONARD MARTINEZ,

Defendant.

---

### FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS FOR ORDER OF DETENTION

---

    This matter was before the court for detention hearing on November 13, 2008. The court has taken judicial notice of the court's file and the pretrial services memorandum dated November 7, 2008. The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

    The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

    (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Investigation Memorandum dated November 7, 2008, and the entire court file. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First the defendant has been indicted in count one with Conspiracy to Distribute and Possess with Intent to Distribute One or More of the Following Controlled Substances: 50 Grams and More of a Detectable Amount of Methamphetamine, 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine and a Mixture and Substance Containing a Detectable Amount of Cocaine and a Mixture and Substance Containing a Detectable Amount of Methylenedioxymethamphetamine ("MDMA") or "Ecstasy") in violation of 21 U.S.C. § 846. In addition, the defendant is charged with other drug offenses.

Second, I find that probable cause exists that the defendant committed the charged offenses based upon the Indictment.

Third, I find the defendant is currently serving a 12 year sentence in the Colorado Department of Corrections from the Jefferson County Combined Court in case number 06-CR-4268 for Aggravated Robbery. Defendant's estimated parole eligibility date is March 9, 2017, and his estimated mandatory release date is March 9, 2020. The Defendant is not contesting detention. The Defendant is ineligible for bond at this time.

I further find, by a preponderance of evidence, that there is no condition or combination of conditions of release will reasonably assure the appearance of the defendant. Accordingly, I order defendant detained without bond.

    Done this 13th day of November, 2008.

    BY THE COURT

    S/Michael J. Watanabe
    Michael J. Watanabe
    U.S. Magistrate Judge