IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 08-cr-00340-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. BENJAMINE MAESTAS,
    a/k/a "Mover,"
    a/k/a "Benji,"
2. LEONARD MARTINEZ,
    a/k/a "Leo,"
3. ANTHONY SHIPPLEY,
    a/k/a "Buddy,"
4. RUBEN BRAVO,
    a/k/a "Big R,"
5. JOHN BERTOLUCCI,
    a/k/a "Johnny,"
6. ERNEST SALAS,
7. EDWARD MONTANO,
8. CARY WEINMAN,
9. ADRIAN SISNEROS,
10. MICHAEL HEE,
    a/k/a "Hawaii Mike," and
11. WAYNE ORDAKOWSKI,
    a/k/a "Lumpy,"

       Defendants.

## SCHEDULING ORDER

On December 4, 2008, I conducted a status and scheduling conference. After conferring with counsel, and considering the parties' competing scheduling orders, I now enter the following scheduling order.

1

**THEREFORE, IT IS ORDERED** as follows:

| Type of Motion | Motion Filing Deadline | Response to Filing Deadline |
|---|---|---|
| Fed.R.Crim.P. 12(b)(3)[1] | February 17, 2009 | 15 days after filing deadline[2] |
| Fed.R.Crim.P. 12 [3] | March 9, 2009 | 15 days after filing deadline |
| 18 USC 3501[4] | March 30, 2009 | 15 days after filing deadline |
| Motions to Suppress[5] | April 20, 2009 | 15 days after filing deadline |
| Fed.R.Crim.P. 14[6] | May 11, 2009 | 15 days after filing deadline |
| Fed.R.Evid. 609(a)(1)[7] | May 26, 2009 | \\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\ |

---

[1] Includes motions brought under Fed.R.Crim.P. 12(b)(3) (A), (B), and (E). *See* footnotes 5 and 6 *supra.*

[2] Construed to mean that the government may file its response to any timely filed motion within 15 days of the deadline for filing a motion in this category of motions, as opposed to within 15 days of the filing of the discreet motion to which the response applies.

[3] Other than motions brought under Fed.R.Crim.P. 12(b)(3).

[4] Motions impugning the admissibility of confessions.

[5] Other than any motions to suppress relating to wiretaps and motions under 18 U.S.C. § 3501. I am aware of the modest redundancy or discrepancy between this category of motions and the category of motions I describe as "Fed.R.Crim.P. 12(b)(3))" because Fed.R.Crim.P. 12(b)(3)(C) addresses "(C) a motion to suppress evidence."

[6] Motions to sever. Once again, I am aware of the modest redundancy or discrepancy between this category of motions and the category of motions I describe as "Fed.R.Crim.P. 12(b)(3)" because Fed.R.Crim.P. 12(b)(3)(D) addresses "(D) a Rule 14 motion to sever charges or defendants."

[7] I realize this category does not describe a type of motion, but instead, describes a type of information; nevertheless, for the sake of convenience, I have included it under the rubric of "Type of Motion."

That the Court shall address expert notice disclosures and related motions, jury instructions, and verdict forms in a separate order.

Dated January 7, 2009, at Denver Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**