IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 08-cr-00340-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. BENJAMINE MAESTAS,
    a/k/a "Mover,"
    a/k/a "Benji,"
2. LEONARD MARTINEZ,
    a/k/a "Leo,"
3. ANTHONY SHIPPLEY,
    a/k/a "Buddy,"
4. RUBEN BRAVO,
    a/k/a "Big R,"
5. JOHN BERTOLUCCI,
    a/k/a "Johnny,"
6. ERNEST SALAS,
7. EDWARD MONTANO,
8. CARY WEINMAN,
9. ADRIAN SISNEROS,
10. MICHAEL HEE,
    a/k/a "Hawaii Mike," and
11. WAYNE ORDAKOWSKI,
    a/k/a "Lumpy,"

       Defendants.

## REVISED SECOND SCHEDULING ORDER

**Blackburn, J.**

I conducted status and scheduling conferences on December 4, 2008, and February 6, 2009. After conferring with counsel, and after considering the parties' competing scheduling orders, objections, and requests, I entered the **Second Scheduling Order** [#227] on February 17, 2009. The order provided, *inter alia*, that

"Motions for Discovery Relating to Wiretaps" must be filed by February 27, 2009, with responses due by March 16, 2009. *See* Second Scheduling Order at 2. Such motions have been timely filed. This sequential protocol was designed to allow sufficient to file and resolve this ilk of motion in time to facilitate the filing of motions to suppress by March 31, 2009. Given the nature of the issues raised by the various motions for discovery that have been filed and the relatively short period of time between now and March 31, 2009, I conclude that the deadline for filing motions to suppress should be extended for a reasonable time. Thus, I enter this revised second scheduling order.

**THEREFORE, IT IS ORDERED** as follows:

1. That the following non-CJA[1] motions and concomitant responses shall be filed as required in the table below:

| Type of Motion | Motion Filing Deadline[2] | Response to Filing Deadline |
|---|---|---|
| Motions for Discovery Relating to Wiretaps[3] | February 27, 2009 | 15 days after filing deadline[4] |

---

[1] "CJA" are the initials for **C**riminal **J**ustice **A**ct codified at 18 U.S.C. § 3006A.

[2] May be extended or modified *only* for good cause.

[3] I am aware of the modest redundancy or discrepancy between this category of motions and the category of motions I describe as "Fed.R.Crim.P. 12(b)(3))" because Fed.R.Crim.P. 12(b)(3)(E) addresses "(E) a Rule 16 motion discovery."

[4] Construed to mean that the government may file its response to any timely filed motion within 15 days of the deadline for filing a motion in this category of motions, as opposed to within 15 days of the filing of the discreet motion to which the response applies.

| Fed.R.Crim.P. 12(b)(3)[5] | March 17, 2009 | 15 days after filing deadline |
|---|---|---|
| Fed.R.Crim.P. 12 [6] | March 17, 2009 | 15 days after filing deadline |
| 18 USC 3501[7] | March 24, 2009 | 15 days after filing deadline |
| **Motions to Suppress**[8] | **April 20, 2009** | 15 days after filing deadline |
| Fed.R.Crim.P. 14(a)[9] | March 17, 2009 | 15 days after filing deadline |
| Fed.R.Evid. 609(a)(1)[10] | [No motion or request is necessary] | Shall be disclosed by the government 45 days before trial |
| Fed.R.Evid. 404(b)[11] | [No motion or request is necessary] | Shall be disclosed by the government 45 days before trial |

---

[5] Includes motions brought under Fed.R.Crim.P. 12(b)(3) (A), (B), and (E), but does not include motions filed under Fed.R.Crim.P. 12(3)(C) or (D). *See* footnotes 8 and 9, *supra.*

[6] Other than motions brought under Fed.R.Crim.P. 12(b)(3).

[7] Motions impugning the admissibility of confessions.

[8] Other than any motions under 18 U.S.C. § 3501. I am aware of the modest redundancy or discrepancy between this category of motions and the category of motions I describe as "Fed.R.Crim.P. 12(b)(3))" because Fed.R.Crim.P. 12(b)(3)(C) addresses "(C) a motion to suppress evidence."

[9] Motions to sever. Once again, I am aware of the modest redundancy or discrepancy between this category of motions and the category of motions I describe as "Fed.R.Crim.P. 12(b)(3)" because Fed.R.Crim.P. 12(b)(3)(D) addresses "(D) a Rule 14 motion to sever charges or defendants."

[10] I realize this category does not describe a type of motion, but instead, describes a type of information; nevertheless, for the sake of convenience, I have included it under the rubric of "Type of Motion."

[11] I realize this category does not describe a type of motion, but instead, describes a type of information; nevertheless, for the sake of convenience, I have included it under the rubric of "Type of Motion."

3

2. That all motions in whatever form, *e.g.*, requests, objections, etc., whether written or oral, for other scheduling orders are denied;

3. That unless sooner set for hearing, all timely filed pretrial motions that the court determines should be set for hearing shall be set for hearing(s) at a telephonic motions' hearing setting conference on **April 20, 2009**, at 10:00 a.m., at which the defendants need not appear or participate; provided, furthermore, that counsel for the government shall arrange, initiate, and coordinate the conference call necessary to facilitate the setting conference;

4. That any **Discovery Conference Memorandum and Order** entered in this criminal action is modified to the extent necessary to facilitate and implement these scheduling orders, but is otherwise ratified and reaffirmed; and

5. That this revised scheduling order supplants and supersedes the **Second Scheduling Order** [#227] entered on February 17, 2009.

Dated March 24, 2009, at Denver Colorado.

                                                    BY THE COURT:

                                                    */s/ Robert E. Blackburn*
                                                    Robert E. Blackburn
                                                    United States District Judge