IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 08-cr-00340-REB

UNITED STATES OF AMERICA,

  Plaintiff,

v.

1. BENJAMINE MAESTAS,
  a/k/a "Mover,"
  a/k/a "Benji,"
2. LEONARD MARTINEZ,
  a/k/a "Leo,"
3. ANTHONY SHIPPLEY,
  a/k/a "Buddy,"
4. RUBEN BRAVO,
  a/k/a "Big R,"
5. JOHN BERTOLUCCI,
  a/k/a "Johnny,"
6. ERNEST SALAS,
7. EDWARD MONTANO,
8. CARY WEINMAN,
9. ADRIAN SISNEROS,
10. MICHAEL HEE,
  a/k/a "Hawaii Mike," and
11. WAYNE ORDAKOWSKI,
  a/k/a "Lumpy,"

  Defendants.

## THIRD SCHEDULING ORDER

**Blackburn, J.**

  At the request of the parties, I conducted a status conference on May 4, 2009. After conferring with counsel, I enter this third scheduling order, which is entered to confirm, supplement, and expatiate the orders entered from the bench in open court on the record.

**THEREFORE, IT IS ORDERED** as follows:

1. That the following non-CJA[1] motions and concomitant responses shall be filed as required in the revised[2] table below:

| Type of Motion | Motion Filing Deadline[3] | Response to Filing Deadline |
|---|---|---|
| Motions for Discovery Relating to Wiretaps[4] | February 27, 2009 | 15 days after filing deadline[5] |
| Fed.R.Crim.P. 12(b)(3)**(A), (B) & (E)**[6] | March 17, 2009 | 15 days after filing deadline |
| Fed.R.Crim.P. 12 [7] | March 17, 2009 | 15 days after filing deadline |
| **Motions To Suppress Wiretap Evidence (Four-Corners)** | **June 5, 2009** | **June 26, 2009** |

---

[1] "CJA" are the initials for **C**riminal **J**ustice **A**ct codified at 18 U.S.C. § 3006A.

[2] I have indicated the changes from the Revised Second Scheduling Order in **bold**.

[3] May be extended or modified *only* for good cause.

[4] I am aware of the modest redundancy or discrepancy between this category of motions and the category of motions I describe as "Fed.R.Crim.P. 12(b)(3))" because Fed.R.Crim.P. 12(b)(3)(E) addresses "(E) a Rule 16 motion discovery."

[5] Construed to mean that the government may file its response to any timely filed motion within 15 days of the deadline for filing a motion in this category of motions, as opposed to within 15 days of the filing of the discreet motion to which the response applies.

[6] Includes motions brought under Fed.R.Crim.P. 12(b)(3) (A), (B), and (E), but does not include motions filed under Fed.R.Crim.P. 12(3)(C) or (D).

[7] Other than motions brought under Fed.R.Crim.P. 12(b)(3).

| | | |
|---|---|---|
| **All Other Motions To Suppress**[8] | The parties shall file their proposed deadlines for filing such motions and responses within 14 days of the court's order(s) resolving all pending motions for discovery relating to wiretaps. | |
| Fed.R.Crim.P. 14(a)[9] | March 17, 2009 | 15 days after filing deadline |
| Fed.R.Evid. 609(a)(1)[10] | [No motion or request is necessary] | Shall be disclosed by the government 45 days before trial |
| Fed.R.Evid. 404(b)[11] | [No motion or request is necessary] | Shall be disclosed by the government 45 days before trial |

2. That all motions to extend the time to file motions to suppress (e.g., [#398], [#399], [#402], [#403], [#404], etc.) are granted consistent with this third scheduling order;

---

[8] Includes motions to suppress non-four corners wiretap evidence and motions to suppress non-wiretap evidence, including motions to suppress confessions, statements, and evidence.

[9] Motions to sever. Once again, I am aware of the modest redundancy or discrepancy between this category of motions and the category of motions I describe as "Fed.R.Crim.P. 12(b)(3)" because Fed.R.Crim.P. 12(b)(3)(D) addresses "(D) a Rule 14 motion to sever charges or defendants."

[10] I realize this category does not describe a type of motion, but instead, describes a type of information; nevertheless, for the sake of convenience, I have included it under the rubric of "Type of Motion."

[11] I realize this category does not describe a type of motion, but instead, describes a type of information; nevertheless, for the sake of convenience, I have included it under the rubric of "Type of Motion."

3. That unless sooner set for hearing, all timely filed pretrial motions that the court determines should be set for hearing shall be set for hearing(s) at a telephonic motions' hearing setting conference to be set via a separate Minute Order;

4. That any **Discovery Conference Memorandum and Order** entered in this criminal action is modified to the extent necessary to facilitate and implement these scheduling orders, but is otherwise ratified and reaffirmed; and

5. That this **Third Scheduling Order** supplants and supersedes the **Revised Second Scheduling Order** [#341] entered on March 24, 2009.[12]

Dated May 4, 2009, at Denver Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[12] Any party who has entered or who enters a Notice of Disposition is not required to comply with this scheduling order.

4