IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 08-cr-00340-REB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.  BENJAMINE MAESTAS,
     a/k/a "Mover,"
     a/k/a "Benji,"
2.  LEONARD MARTINEZ,
     a/k/a "Leo,"
3.  ANTHONY SHIPPLEY,
     a/k/a "Buddy,"
4.  RUBEN BRAVO,
     a/k/a "Big R,"
5.  JOHN BERTOLUCCI,
     a/k/a "Johnny,"
6.  ERNEST SALAS,
7.  EDWARD MONTANO,
8.  CARY WEINMAN,
9.  ADRIAN SISNEROS,
10. MICHAEL HEE,
     a/k/a "Hawaii Mike," and
11. WAYNE ORDAKOWSKI,
     a/k/a "Lumpy,"

       Defendants.

## FOURTH SCHEDULING ORDER

**Blackburn, J.**

At the request of the parties, I last conducted a status conference on May 4, 2009. After conferring with counsel, I entered a **Third Scheduling Order** [#426] on May 4, 2009. In that third scheduling order I provided, *inter alia*, that concerning the category of motions that I described in the table of motions as "All Other Motions To

Suppress," "The parties shall file their proposed deadlines for filing such motions and responses within 14 days of the court's order(s) resolving all pending motions for discovery relating to wiretaps." Third Scheduling Order at 3.

On May 14, 2009, I entered an **Order Regarding Motions for Discovery** [#442], which resolved all pending motions for discovery relating to wiretaps. Thus, the parties' individual or joint proposed deadlines for filing "All Other Motions To Suppress" were due on May 28, 2009.

On June 1, 2009, defendant Shippley filed a **Proposed Deadline for Non-Four Corners Suppression Motions** [#460]. Shippley requested that I set July 31, 2009, as the deadline for filing such motions to suppress. Motion at 1. Ostensibly, defendants Montano, Ordakowski, and Hee join this request, while defendant Bravo requests a deadline of July 1, 2009.

After considering the totality of relevant circumstances, I exercise my discretion and set July 31, 2009, as the deadline for filing all non-four corners motions to suppress. Thus, I enter this fourth scheduling order.

**THEREFORE, IT IS ORDERED** as follows:

1. That the following non-CJA[1] motions and concomitant responses shall be filed as required in the revised[2] table below:

---

[1] "CJA" are the initials for **C**riminal **J**ustice **A**ct codified at 18 U.S.C. § 3006A.

[2] I have indicated the changes from the Third Scheduling Order in **bold**.

| Type of Motion | Motion Filing Deadline[3] | Response to Filing Deadline |
|---|---|---|
| Motions for Discovery Relating to Wiretaps[4] | February 27, 2009 | 15 days after filing deadline[5] |
| Fed.R.Crim.P. 12(b)(3)(A), (B) & (E)[6] | March 17, 2009 | 15 days after filing deadline |
| Fed.R.Crim.P. 12 [7] | March 17, 2009 | 15 days after filing deadline |
| Motions To Suppress Wiretap Evidence (Four-Corners) | June 5, 2009 | June 26, 2009 |
| **All Other Motions To Suppress[8]** | **July 31, 2009** | **15 days after filing deadline** |
| Fed.R.Crim.P. 14(a)[9] | March 17, 2009 | 15 days after filing deadline |

---

[3] May be extended or modified *only* for good cause.

[4] I am aware of the modest redundancy or discrepancy between this category of motions and the category of motions I describe as "Fed.R.Crim.P. 12(b)(3))" because Fed.R.Crim.P. 12(b)(3)(E) addresses "(E) a Rule 16 motion discovery."

[5] Construed to mean that the government may file its response to any timely filed motion within 15 days of the deadline for filing a motion in this category of motions, as opposed to within 15 days of the filing of the discreet motion to which the response applies.

[6] Includes motions brought under Fed.R.Crim.P. 12(b)(3) (A), (B), and (E), but does not include motions filed under Fed.R.Crim.P. 12(3)(C) or (D).

[7] Other than motions brought under Fed.R.Crim.P. 12(b)(3).

[8] Includes motions to suppress non-four corners wiretap evidence and motions to suppress non-wiretap evidence, including motions to suppress confessions, statements, and evidence.

[9] Motions to sever. Once again, I am aware of the modest redundancy or discrepancy between this category of motions and the category of motions I describe as "Fed.R.Crim.P. 12(b)(3)" because Fed.R.Crim.P. 12(b)(3)(D) addresses "(D) a Rule 14 motion to sever charges or defendants."

3

| Fed.R.Evid. 609(a)(1)[10] | [No motion or request is necessary] | Shall be disclosed by the government 45 days before trial |
|---|---|---|
| Fed.R.Evid. 404(b)[11] | [No motion or request is necessary] | Shall be disclosed by the government 45 days before trial |

2. That unless sooner set for hearing, all timely filed pretrial motions that the court determines should be set for hearing shall be set for hearing(s) at a telephonic motions' hearing setting conference to be set via a separate Minute Order;

3. That any **Discovery Conference Memorandum and Order** entered in this criminal action is modified to the extent necessary to facilitate and implement these scheduling orders, but is otherwise ratified and reaffirmed; and

4. That this **Fourth Scheduling Order** supplants and supersedes the **Third Scheduling Order** [#426] entered on May 4, 2009.[12]

Dated June 16, 2009, at Denver Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[10] I realize this category does not describe a type of motion, but instead, describes a type of information; nevertheless, for the sake of convenience, I have included it under the rubric of "Type of Motion."

[11] I realize this category does not describe a type of motion, but instead, describes a type of information; nevertheless, for the sake of convenience, I have included it under the rubric of "Type of Motion."

[12] Any party who has entered a Notice of Disposition is not required to comply with this scheduling order.